NEW YORK STATE ELECTRIC & GAS CORPORATION, Petitioner

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent

Independent Power Producers of New York, Inc., et al., Intervenors.

No. 95–1314.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 2, 1996.

Decided July 11, 1997.

---

Jonathan D. Schneider, Washington, DC, argued the cause for petitioner and supporting intervenors, with whom Kenneth M. Jasinski, New York City, was on the briefs.

Edward S. Geldermann, Attorney, Federal Energy Regulatory Commission, Bethesda, MD, argued the cause for respondent, with whom Jerome M. Feit, Solicitor, Washington, DC, at the time the brief was filed, was on the brief. Samuel Soopper, Attorney, Mount Ranier, MD, entered an appearance.

Robert F. Shapiro, Washington, DC, argued the cause for intervenors, Saranac Power Partners, L.P., et al., with whom Merrill L. Kramer, Daniel M. Joseph, Washington, DC, Howard J. Read, Albany, NY, Paul Walter Fox, Austin, TX, Paul Edward Nordstrom, Douglas P. Lobel, Washington, DC, Lawrence E. Glenn Houston, TX, and David L. Schwartz were on the joint brief. Celeste A. Smith, Glen Rock, NJ, John N. Estes, III, Christine R. Pembroke, Washington, DC, and Deborah M. Lerner entered appearances.

Before: WALD, GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

The New York State Electric & Gas Corporation (N.Y.SEG) seeks review of an order of the Federal Energy Regulatory Commission declaring that the rates NYSEG pays for power produced by two qualifying facilities (QFs) do not violate § 210(b) of the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C.§ 824a–3(b). Because the challenged order does nothing more, in effect, than announce the position that the Commission might take in an enforcement action before a federal district court, we are without jurisdiction to review it.

## I. Background

In February 1995 NYSEG petitioned the Commission for a declaration that the rates it pays for power purchased from Lockport Energy Associates and Saranac Power Partners under agreements approved by the New

York State Public Service Commission (PSC) exceed its avoided cost, in violation of § 210(b) of the PURPA. NYSEG also asked the Commission to modify those rates and to "take any action with respect to its rules, including the revision or waiver of those rules, as necessary to grant the relief requested." Lockport and Saranac intervened, arguing, among other things, that: the Commission's power under § 210(h) is limited to ensuring that the PSC properly implemented the Commission's regulations; the Commission does not have the authority under § 206(a) of the Federal Power Act (FPA), 16 U.S.C. § 824–e(a), to modify the rates; and any revision of the implementing regulations would have to be done through rulemaking, not in the course of an enforcement action.

Finding that the challenged rates were consistent with the PURPA and the relevant regulation, the Commission denied NYSEG's petition. *New York State Electric & Gas Corp.,* 71 FERC ¶ 61,027 (April 12, 1995). The regulation provides that "[i]n the case in which the rates for purchases are based upon estimates of avoided costs over the specific term of the contract or other legally enforceable obligation, the rates for such purchases do not violate this subpart if the rates for such purchases differ from avoided costs at the time of delivery." 18 C.F.R. § 292.304(b)(5). The rate contained in each of the challenged agreements was equal to NYSEG's estimated avoided cost at the time it entered into the agreement. Therefore, the Commission concluded, the rates remain valid under the implementing regulation.

The Commission refused to revise § 292.304(b)(5) on the ground that "[i]t is now far too late in the Commission's implementation of PURPA for NYSEG to argue, for the first time, that these particular regulations have legal and policy flaws requiring that we abrogate contracts entered into under these regulations." The agency did, however, take the opportunity to explain the underlying reason for the regulation. The Commission said that it had promulgated § 292.304(b)(5) because it could neither engage in "minute-by-minute" recalculation of rates nor subject utilities and cogenerators to the uncertainty that frequent recalculation

would produce. The Commission had been aware that avoided costs would change over time, but had concluded that "in the long run, 'overestimations' and 'underestimations' will balance out." The regulation was (and, in the opinion of the Commission, remained) a fair compromise designed "to reconcile the requirement that the rates for purchases equal the utilities' avoided cost with the need for QFs to be able to enter into contractual commitments based, by necessity, on estimates of future avoided costs."

The Commission also concluded that it would be inappropriate to bring an enforcement action challenging the accuracy of the PSC's findings of fact. Under the PURPA, the Commission is required to ensure that each state authority carries out the mandate of § 210(f); it is not, however, for the Commission "to second-guess state regulatory authorities' actual determinations of avoided cost." NYSEG, the Commission concluded, should have raised with the PSC, before the contract was approved, any objection it might have had to the method used to calculate its avoided cost.

NYSEG petitioned for rehearing on the grounds that the Commission had erred by: (1) relying upon the PSC's estimate of avoided cost; (2) failing to relieve NYSEG of payment obligations that violate § 210(b) of the PURPA; and (3) failing to modify, under § 206 of the FPA, purchase rates that violate § 210(b) of the PURPA. When the Commission denied rehearing, *New York State Electric & Gas Corp.,* 72 FERC ¶ 61,067 (July 19, 1995), NYSEG petitioned this court for review.

## II. Analysis

The Commission argues that we are without jurisdiction to review the declaratory order at issue in this case because our doing so would interfere with the enforcement scheme of the PURPA. According to the Commission, our review of its non-binding assessment of the PSC's compliance with the PURPA would bind the district court in any future enforcement action, thereby usurping that court's role as the court of first instance in all matters concerning implementation of the statute. The Commission urges that we

hold, as we did in *Industrial Cogenerators v. FERC*, 47 F.3d 1231 (D.C.Cir.1995), that we are without jurisdiction to act where the effect would be to deprive the district court of its role under the statutory enforcement scheme.

NYSEG counters that we would not disturb the enforcement scheme by reviewing the Commission's order because the Commission could have granted all of the relief that NYSEG requested without bringing an enforcement action in the district court. For example, the Commission could have modified the challenged agreements under § 206(a) of the FPA without acting under the PURPA. Therefore, according to NYSEG, this court's review of the Commission's order would in no way disrupt the enforcement scheme of the PURPA or usurp the district court's role within that scheme.

The Congress declared with specificity the means by which the ends of the PURPA are to be achieved. *See Industrial Cogenerators,* 47 F.3d at 1234; *Niagara Mohawk Power v. FERC,* 117 F.3d 1485, 1488 (1997). The Commission is charged with promulgating regulations designed to encourage cogeneration, 16 U.S.C. § 824a–3(a), which each state regulatory authority must then implement. § 824a–3(f). The Commission may bring an enforcement action in federal district court against any state authority that fails to do so, § 824a–3(h)(2)(A); alternatively, a utility or cogenerator may petition the FERC to bring such an action and, if the agency declines, may itself sue the state regulatory authority in district court. § 824a–3(h)(2)(B).

■ Under this enforcement scheme it is always the district court that first passes upon the merits of whatever position the Commission may take concerning the implementation of the PURPA. *Industrial Cogenerators,* 47 F.3d at 1234–35; *Niagara Mohawk,* Slip Op. at 6–7, at 1488–89. The courts of appeals are by necessary implication precluded from reviewing an order issued under § 210 of the PURPA when doing so would "usurp the role of the district court as the court of first instance" in the enforcement scheme created by § 210. *Industrial Cogenerators,* 47 F.3d at 1235. *See also*

*Ramey v. Bowsher,* 9 F.3d 133, 134 (D.C.Cir. 1993), *quoting Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 77 (D.C.Cir.1984) ("[A] statute which vests jurisdiction in a particular court cuts off jurisdiction in other courts in all cases covered by the statute"). Accordingly, we have held that this court is without jurisdiction to review an order promulgated under § 210 that is both tied to a particular set of facts and closely related to the enforcement scheme, 47 F.3d at 1235–36, regardless whether that order addresses only that particular set of facts or announces a rule of general application applicable to that set of facts. *Niagara Mohawk,* Slip Op. at 6–7, at 1488–89.

■ The failure of a state commission to ensure that a rate does not exceed a utility's avoided cost is a failure to comply with a regulation implementing the PURPA. *See* 16 U.S.C.§ 824a–3(f) (requiring "each State regulatory authority [to] implement [Commission rules promulgated under § 210(a) of the PURPA] for each electric utility for which it has ratemaking authority"); 18 CFR 292.304(b)(2) (declaring that "a rate for purchases satisfies the requirements [of the statute] if the rate equals the avoided costs determined after consideration of the factors [herein] set forth"). The alleged failure of the PSC to set the contested rates at NYSEG's avoided cost would ordinarily be challenged through an enforcement action brought in district court under § 210(h). *See* § 824a–3(h)(2) (state compliance with § 210(f) ensured by bringing enforcement action in district court).

■ The Commission has announced the position regarding the PSC's implementation of § 292.304(b)(2) that it would take in any future enforcement action that NYSEG might bring, namely, that the Commission agrees with the PSC. Now, as we held in *Industrial Cogenerators,* it is for the district court, not the court of appeals, to determine whether the state commission has properly implemented the PURPA. Because we would necessarily answer the question whether the PSC properly implemented § 292.304(b) were we to review the Commis-

sion's order, it appears that we are without jurisdiction to do so.

NYSEG nevertheless argues that the order now before us is different from the order in *Industrial Cogenerators,* because: (1) it was not promulgated exclusively under § 210 of the PURPA but, at least in part, under § 206 of the FPA; (2) no enforcement action has been—nor, if NYSEG were granted the relief it seeks, need ever be—initiated; and (3)NYSEG's request that the Commission revise the implementing regulations cannot, according to NYSEG, be granted in an enforcement action that it might bring in district court against the PSC.

We find these efforts to distinguish *Industrial Cogenerators* unpersuasive. Although it is true that NYSEG requested relief under the FPA, the Commission's denial of that relief was based upon determinations that would, if made binding upon the district court, be dispositive of any future enforcement action under § 210(h). The fact that NYSEG has not proceeded to the district court is irrelevant; nothing in the PURPA suggests that the Congress let our jurisdiction turn upon a party's choice whether to pursue its statutory remedy. Finally, we could not review the Commission's denial of NYSEG's request that it "take any action with respect to its rules ... necessary to grant the relief requested" without resolving questions properly left to the district court; for example, even the threshold question whether waiver of 18 C.F.R. § 292.304(b)(5) would be necessary in order to grant the requested relief depends upon whether the rate that NYSEG pays in fact exceeds its avoided cost at the time of delivery. By addressing NYSEG's request that the Commission revise the implementing regulations, therefore, we would of necessity usurp the district court's role in the enforcement scheme established by the PURPA.

At bottom, each of NYSEG's requests to the Commission for relief is effectively a challenge to the rates set by the PSC. In response to these requests the Commission did nothing more than state why in its opinion the challenged rates comply with the PURPA. Under the enforcement scheme set up by the Congress, NYSEG may now bring an enforcement action under § 210(h)(2)(B) of the PURPA, in which case the district court will assess the merits giving the Commission's opinion such consideration as it may deserve. We do not believe that the Congress conferred jurisdiction upon the courts of appeals to review a non-binding declaratory order that is bound up in the enforcement scheme of the PURPA, lest the appellate court oust the district court from that role.

### III. Conclusion

For the foregoing reasons, we hold that this court is without jurisdiction to review the order here challenged. The petition for review is therefore

*Dismissed.*