## NIAGARA MOHAWK POWER CORPORATION, Petitioner,

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Independent Power Producers of New York, Inc., et al., Intervenors.

Nos. 95–1222, 95–1223, 95–1298, 95–1299, 95–1302, 95–1303 and 95–1309.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 2, 1996.

Decided July 11, 1997.

Edward Berlin, Washington, DC, argued the cause for petitioners Niagara Mohawk Power Corporation and Long Island Lighting Company and supporting intervenor Edison Electric Institute, with whom J. Phillip Jordan, Robert V. Zener, Washington, DC, Richard A. Visconti, Hicksville, NY, Edward H. Comer, Washington, DC, and Paul J. Kaleta, Syracuse, NY, were on the briefs. Alice K. Hill, Washington, DC, entered an appearance.

Earle H. O'Donnell argued the cause for petitioners American Ref-Fuel Company of Southeastern CT et al., with whom Donna M. Attanasio, Jeffrey D. Watkiss, Washington, DC, Robert E. Wright, Carl R. Nasto, and Charles D. Gray were on the briefs. Jeffrey L. Futter, Hicksville, NY, entered an appearance.

Janet K. Jones, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. Jerome M. Feit, Solicitor, Washington, DC, at the time the brief was filed, and Edward S. Geldermann, Attorney, were on the brief. Timm L. Abendroth, Attorney, Washington, DC, entered an appearance.

Allan B. Taylor, Hartford, CT, argued the cause for intervenors Connecticut Light and Power Company et al., with whom Edward H. Comer was on the brief. Henri D. Bartholomot, David L. Schwartz, Jonathan D. Schneider, Washington, DC, Kenneth M. Jasinski, New York City, Howard H. Shafferman, Washington, DC, Michael W. Hall, Daniel F. Collins, Washington, DC, Joseph G. Pennington, Edward G. Kehoe, Erik J. Swenson, New York City, Robert R. Ambler, Jr., and Daniel M. Joseph entered appearances.

Douglas G. Robinson, John N. Estes, Washington, DC, Howard J. Read, Albany, NY, and David B. Johnson were on the brief for the QF Intervenors.

Before: SILBERMAN, GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Petitioners seek review of two declaratory orders of the Federal Energy Regulatory Commission interpreting the Public Utility Regulatory Policies Act (PURPA), 16 U.S.C. § 824a-3. Because the two orders do nothing more than set out the position that the Commission would take in an enforcement action before the district court, we are without jurisdiction to review them.

## I. Background

In June 1987 the Southeastern Connecticut Regional Resources Recovery Authority, a political subdivision of the State of Connecticut chartered to dispose of municipal waste, petitioned the Connecticut Department of Utility Control (CDUC) for a declaration that § 16-243e of the Connecticut General Statutes required the Connecticut Light and Power Company (CL&P) to purchase electricity from a cogeneration facility operated by the Authority at the rate the utility charges a municipality for electricity. The CDUC ordered CL&P to pay the municipal rate, as the statute clearly commands.

CL&P appealed this decision to the Supreme Court of Connecticut, arguing that the PURPA preempts § 16-243e, at least insofar as the Connecticut statute would require a utility to pay more for electricity than its avoided cost. The Court held that the CDUC had misapplied § 16-243e and remanded the matter for the agency to recalculate the rate. *Connecticut Light & Power Co. v. Department of Public Utility Control,* 210 Conn. 349, 554 A.2d 1089 (1989). The Court did not address CL&P's claim of preemption.

Believing that the rate calculated by the CDUC on remand still exceeded its avoided cost, CL&P sued the Authority in federal district court seeking a declaratory judgment that the PURPA preempts § 16-243e. Applying the doctrine of primary jurisdiction,

the district court stayed the proceeding for CL&P first to seek a declaratory ruling from the FERC. *Connecticut Light & Power Co. v. South Eastern* [sic] *Connecticut Regional Resources Recovery Authority,* 822 F.Supp. 888 (D.Conn.1993). CL&P duly petitioned the FERC for an answer to the question: "Does federal law preempt the application of § 16–243e of the Connecticut General Statutes to CL&P either in all circumstances or as § 16–243e has been applied in the context of the resources recovery facility of the Southeastern Regional Resources Recovery Authority located in Preston, Connecticut?" *Connecticut Light & Power Co.,* 70 FERC ¶ 61,012 (January 11, 1995).

The Commission declared that the PURPA preempts§ 16–243e. *Id.* Section 210(f) of the PURPA requires the Commission to ensure that the rate a utility pays to a cogenerator is no higher than the utility's avoided cost. *See* § 824a–3(b) ("No such rule prescribed under subsection (a) of this section shall provide for a rate which exceeds the incremental cost to the electric utility of alternative electric energy"), and 824a–3(d) (defining incremental cost); *American Paper Institute Inc. v. American Electric Power,* 461 U.S. 402, 406, 103 S.Ct. 1921, 1924, 76 L.Ed.2d 22 (1983) (PURPA and implementing regulations "requir[e] a utility to purchase electricity from a [qualified facility] at a rate equal to the utility's full avoided cost.") According to the Commission, the PURPA gives the States responsibility only for "implementing" the rules promulgated by the Commission, *citing* § 824a–3(f); it does not authorize the States to override or to subvert those rules, as § 16–243e would do.

The Commission also declared that it would not apply its newly-announced preemption analysis to invalidate contracts that had not previously been challenged on the ground of preemption. "The appropriate time to challenge a state-imposed rate," the Commission reasoned, "is up to or at the time the contract is signed, not several years

into a contract which heretofore has been satisfactory to both parties."

The Authority requested rehearing of the preemption issue. Niagara Mohawk also petitioned for rehearing, arguing that the Commission should apply its decision to all contracts regardless whether they had previously been challenged on the ground of preemption. The Commission denied both petitions, *Connecticut Light & Power Co.,* 71 FERC¶ 61,035 (April 12, 1995), and both petitioners now seek review before this court.*

Niagara Mohawk also seeks review of the FERC's decision in *Orange & Rockland Utilities, Inc.,* 70 FERC ¶ 61,014 (January 11, 1995), *vacating* 43 FERC ¶ 61,067 (April 14, 1988). Orange and Rockland originally petitioned the Commission for a declaration that the PURPA preempts § 66–c of the New York Public Service Law, which set a minimum rate of six cents per kilowatt-hour for electricity generated by a cogenerator. Niagara Mohawk intervened in support of Orange and Rockland. In 1988 the Commission issued an order declaring that a State may not impose a rate that exceeds a utility's avoided cost, 43 FERC ¶ 61,067, but stayed the order pending judicial review and resolution of a related rulemaking. *Orange & Rockland Utilities,* 43 FERC¶ 61,546 (June 16, 1988). In 1992 New York repealed the six-cent provision prospectively. *See* N.Y. Pub. Serv. L. § 66–c.1–2 (McKinney Supp. 1993). Because the stayed order would have acted only prospectively, the Commission then vacated it as moot. 70 FERC ¶ 61,014.

## II. Analysis

■ The Commission argues, among other things, that we are without jurisdiction to review the challenged orders because they do nothing more than announce the interpretation of the PURPA upon which the Commission would rely in an enforcement action. The orders do not determine any factual question, such as "whether the rates ... do or do not exceed avoided cost." Nor are they binding upon the district court in which

---

* The standing of petitioners Niagara Mohawk and Long Island Lighting Co., both of New York, to complain about the FERC's decision in a case challenging the validity of a Connecticut statute is not at all clear, but neither need it be resolved

in view of the Resource Authority's undoubted standing and of our conclusion that the decision of the Commission is not reviewable in this court.

any enforcement action might be pursued. The Commission maintains that, in order to avoid usurping the role assigned to the district courts in the elaborate enforcement scheme established in § 210 of the PURPA, we must conclude, as we did in *Industrial Cogenerators v. FERC,* 47 F.3d 1231 (D.C.Cir.1995), that the Congress did not confer jurisdiction upon the courts of appeals to review a declaratory order in which the FERC interprets the PURPA.

The petitioners counter that *Industrial Cogenerators* is inapplicable because each of the orders challenged here announces a rule of general application and not, as in the earlier case, a decision limited to a specific set of facts. "[N]othing in *Industrial Cogenerators,*" the petitioners assert, "suggests that the procedure for judicial review must differ because FERC eventually decided to resolve the issue in a declaratory ruling rather than through rulemaking." Moreover, Niagara Mohawk contends that we should review the Commission's order at this juncture because an enforcement action "is particularly ill-designed as a vehicle for judicial review of FERC rulings, since [§ 210(h) of the PURPA] provides that a private enforcement action must be brought against the state commission, not FERC" and, we are told, "a court could not adequately review [the FERC's] findings in an action to which FERC is not a party."

In *Industrial Cogenerators* we expressly reserved the question whether this court has jurisdiction to review an order promulgated under the PURPA that announces "a rule of general application, not tied to a particular set of facts potentially subject to the statutory enforcement scheme." 47 F.3d at 1236. We agree with the petitioners that the orders here at issue do announce a rule of general application; as to the question previously reserved, however, we conclude that the Congress did not authorize the courts of appeals to review an order announcing a rule of general application.

Section 210 sets out a self-contained scheme by which the purposes of the PURPA are to be realized. *Id.* at 1235–1236. The FERC is to promulgate rules that will encourage cogeneration. 16 U.S.C. § 824a–3(a). The public utility commission (PUC) of each state must implement those rules,

§ 824a–3(f), and the Commission may bring an enforcement action in federal district court against any state regulatory authority that fails to do so. §§ 824a–3(h)(2)(A), (B). A private party may petition the FERC to initiate such an enforcement action and, if the FERC declines, may itself sue the state PUC in district court. § 824a–3(h)(2)(B).

■ In *Industrial Cogenerators,* we concluded that it would be fundamentally inconsistent with this enforcement scheme—indeed, would "usurp the role of the district court as the court of first instance"—for this court to review an order of the Commission concerning the agency's interpretation of the PURPA. 47 F.3d at 1235. An order that does no more than announce the Commission's interpretation of the PURPA or one of the agency's implementing regulations is of no legal moment unless and until a district court adopts that interpretation when called upon to enforce the PURPA. *Id.* As a result, in the framework established by the Congress it is the district court that has been given the task of deciding in the first instance whether to adopt or reject a position advocated by the Commission. The courts of appeals accordingly do not have pre-enforcement jurisdiction to review a declaratory order that merely announces the position advocated by the FERC.

The order issued by the FERC in the CL&P proceeding is, as we said of the order at issue in *Industrial Cogenerators,* "much like a memorandum of law"; it does "nothing more than state how the FERC interprets its own regulations." *Id.* at 1234–1235. The district court in which CL&P's suit is pending may or may not decide to defer to the Commission's interpretation. *Id.* at 1235. Under the Administrative Procedure Act the district court must, of course, determine whether the Commission's interpretation of the statute is reasonable—but that task, contrary to petitioners' suggestion, the district court is perfectly capable of performing even if the Commission chooses not to intervene.

For the court of appeals to review the order at this juncture, could set up a quite unnecessary conflict; perhaps still worse, if in another case the district court were in the circuit where review of the declaratory order was sought, the appellate court's judgment would bind the district court and necessarily,

therefore, oust that court from its role as the court of first instance in the enforcement scheme created of § 210. As we said in *Industrial Cogenerators*, the Congress cannot have intended that the courts of appeals review a declaratory order interpreting the PURPA when doing so would disrupt the elaborate enforcement scheme that the Congress created.

■ *Orange and Rockland* is no different. The Commission's declaratory order concerning the New York statute prescribing a six-cent rate had no legally binding effect; at most, it could have commanded some deference from a district court in a future enforcement action. Thus the petitioners ask us, when they petition for review of the order vacating the 1988 declaration, to review an order that "does nothing more than withdraw [an] ineffectual declaratory order." *Id.* at 1235. As we held in *Industrial Cogenerators*, we are without jurisdiction to do that.

### III. Conclusion

For the foregoing reasons, we hold that this court is without jurisdiction to review the orders here challenged. The petitions for review are therefore

*Dismissed.*