# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

―――――

Submitted on the Briefs May 6, 2005

Decided May 17, 2005

No. 04-1182

XCEL ENERGY SERVICES INC.,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

WHEELABRATOR TECHNOLOGIES INC., ET AL.,
INTERVENORS

―――――

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

―――――

*William M. Dudley* and *Floyd L. Norton, IV* were on the briefs for petitioner.

*Kenneth R. Carretta* and *Harvey L. Reiter* were on the brief for intervenors Public Service Electric & Gas Company and Maine Public Utilities Commission in support of petitioner. *John E. McCaffrey* and *Marie D. Zosa* entered appearances.

*Cynthia A. Marlette*, General Counsel, Federal Energy

Regulatory Commission, *Dennis Lane*, Solicitor, and *Robert H. Solomon*, Deputy Solicitor, were on the brief for respondent.

*Margaret A. Moore*, *Howard E. Shapiro*, *Vincenzo Franco*, *John B. O'Sullivan*, and *Carol A. Smoots* were on the brief of intervenors American Ref-Fuel Company, et al. in support of respondent.

*Mary McKenzie*, *Elizabeth McQuillan*, and *Karen Paull* were on the brief of intervenor Public Utilities Commission of the State of California in support of respondent. *Arocles Aguilar* and *Sean H. Gallagher* entered appearances.

Before: GINSBURG, *Chief Judge*, and ROGERS and ROBERTS, *Circuit Judges*.

PER CURIAM: Section 210 of the Public Utility Regulatory Policies Act (PURPA) requires the FERC to promulgate rules requiring electric utilities to offer to sell electricity to, and to purchase electricity from, "qualifying facilities" (QFs). 16 U.S.C. § 824a-3(a). The FERC must ensure that a QF's selling rate does not exceed the purchasing utility's "avoided cost," which is "the cost to the electric utility of the electric energy which, but for the purchase from [the QF], such utility would generate or purchase from another source." *Id*. § 824a-3(b). State public utility commissions (PUCs) are responsible for implementing the FERC's rules and for setting the rates. *Id*. § 824a-3(f).

Over the last several years a number of states have instituted programs that require a retailer of electricity to generate renewable energy, to purchase such energy, or to purchase tradeable certificates representing renewable energy credits (RECs). In 2003 several QFs petitioned the FERC seeking "an order declaring that avoided cost contracts entered

into pursuant to PURPA, absent express provisions to the contrary, do not inherently convey to the purchasing utility" any RECs as part of the sale of energy. The FERC granted the petition and stated that, insofar as the PURPA is concerned, such contracts "do not convey RECs to the purchasing utility" absent a contractual provision to the contrary, although the Commission expressly left open the possibility that state law might provide otherwise.

Xcel Energy, which opposed the petition before the FERC, petitioned for rehearing and then for review in this court. Under the PURPA's enforcement scheme, however, "it is always the district court that first passes upon the merits of whatever position the Commission may take concerning the implementation of the PURPA." *New York State Elec. & Gas Corp. v. FERC*, 117 F.3d 1473, 1476 (D.C. Cir. 1997). A utility or a QF may petition the FERC to bring an action against a PUC in federal district court to enforce the FERC's rules. If the FERC does not initiate an enforcement action then the electric utility or QF may itself sue the PUC in federal district. *Id*. § 824a-3(h)(2).

Rather than following the mechanism for review laid out in the PURPA, Xcel contends the review provision of the FPA, 16 U.S.C. § 825l(b), grants this court jurisdiction to consider its arguments now because the FERC's order "interprets, and violates, the definition of small power production facilities" in the FPA. As Xcel concedes in its reply brief, however, the status of the QFs "is not relevant to the claims that [it] raises here." Xcel then argues "the renewable attributes of QFs are part of, and inseparable from, the energy that QFs produce," and therefore the FERC's interpretation of its avoided costs rule is "inextricably linked" to the definition of a "small power production facility" under the FPA. By Xcel's own account, however, the FERC made no ruling related to any provision of

the FPA. Indeed, the FPA is not mentioned anywhere in the challenged orders. Xcel therefore fails in its attempt to characterize its challenge as reviewable under the FPA.

The law of this circuit leads inexorably to the conclusion that we lack jurisdiction to consider Xcel's petition for review. "An order that does no more than announce the Commission's interpretation of the PURPA or one of the agency's implementing regulations is of no legal moment unless and until a district court adopts that interpretation when called upon to enforce the PURPA." *Niagara Mohawk Power Corp. v. FERC*, 117 F.3d 1485, 1488 (D.C. Cir. 1997). Here, as in several other petitions for review we have refused to consider, "the Commission has in effect merely announced the position it would take in any future enforcement action that [Xcel] might bring." *Connecticut Valley Elec. Co. v. FERC*, 208 F.3d 1037, 1043 (D.C. Cir. 2000). The FERC's position is reviewable by this court only after someone -- a utility, a QF, or the Commission -- brings an enforcement action in the district court and appeals therefrom. *See Industrial Cogenerators v. FERC*, 47 F.3d 1231, 1234 (D.C. Cir. 1995).