# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 17-5208**

**September Term, 2018**

**1:16-cv-01434-CRC**

**Filed On:** December 3, 2018

Gregory R. Swecker and Beverly F. Swecker,

      Appellants

    v.

Midland Power Cooperative, et al.,

      Appellees

**BEFORE:**    Rogers, Srinivasan, and Wilkins, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed May 17, 2017, be affirmed as to the remaining appellee, the Federal Energy Regulatory Commission. Appellants seek to compel the Commission to take enforcement action, but an agency's decision not to take enforcement action is generally committed to an agency's absolute discretion and is therefore presumptively unreviewable. See Heckler v. Chaney, 470 U.S. 821, 831-32 (1985); 5 U.S.C. § 701(a)(2). The presumption against judicial review has not been rebutted in this case. See Sierra Club v. Jackson, 648 F.3d 848, 855 (D.C. Cir. 2011). Moreover, appellants have not persuaded the court to read an implied cause of action against the Commission into the self-contained regulatory and enforcement system established by Congress in 16 U.S.C. § 824a-3. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001); Niagara Mohawk Power Corp. v. FERC, 117 F.3d 1485, 1488 (D.C. Cir. 1997). Accordingly, appellants' complaint as to the Commission was subject to dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Sierra Club, 648 F.3d at 854.

## United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 17-5208**                                    **September Term, 2018**

The Clerk is directed to publish this judgment. The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>