# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued May 6, 2022               Decided July 15, 2022

No. 21-1163

CHEROKEE COUNTY COGENERATION PARTNERS, LLC,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

DUKE ENERGY CAROLINAS, LLC,
INTERVENOR

———

Consolidated with 21-1176

———

On Petitions for Review of Orders
of the Federal Energy Regulatory Commission

———

*Paul W. Hughes* argued the cause for petitioner. With him on the briefs were *Neil L. Levy*, *David G. Tewksbury*, and *Andrew Lyons-Berg*.

*Lona T. Perry*, Deputy Solicitor, Federal Energy Regulatory Commission, argued the cause for respondent. On the brief were *Matthew R. Christiansen*, General Counsel,

*Robert H. Solomon*, Solicitor, and *Elizabeth E. Rylander*, Attorney.

*Misha Tseytlin* argued the cause for intervenor Duke Energy Carolinas, LLC in support of respondent. With him on the brief was *Kevin M. LeRoy*. *Christopher R. Jones* and *Amie V. Colby* entered appearances.

Before: WILKINS and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SILBERMAN.

SILBERMAN, *Senior Circuit Judge*: Petitioner, Cherokee County Cogeneration Partners, LLC, seeks review of the Federal Energy Regulatory Commission's determination that FERC lacked jurisdiction over Petitioner's Federal Power Act section 205 rate filing which sought compensation for its provision of reactive service.

Before we reach the question of FERC's jurisdiction—let alone the merits—we are obliged to consider our own jurisdiction. While we clearly have jurisdiction over the petitions, we lack authority to consider Petitioner's arguments because they were not adequately presented in its petition for rehearing. Because there are no arguments that are properly before us, we deny the petitions for review.

I.

The Federal Power Act gives FERC jurisdiction over the rates for the transmission of electric energy and sale of electric energy at wholesale in interstate commerce. 16 U.S.C. § 824(a)-(b). FERC reviews those rates to ensure they are "just

and reasonable" and that they do not "grant any undue preference or advantage" or "subject any person to any undue prejudice or disadvantage." 16 U.S.C. § 824d(a), (b), (e).

But there are exceptions to FERC's jurisdiction. In 1978, Congress enacted the Public Utility Regulatory Policies Act (PURPA) "to encourage the development of cogeneration and small power production facilities" to reduce demand for traditional fossil fuels. *FERC v. Mississippi*, 456 U.S. 742, 750 (1982). To support that goal, PURPA directed FERC to exempt such qualifying facilities from the Federal Power Act by developing implementing regulations. 16 U.S.C. § 824a-3(e)(1). It also required state regulatory authorities to adopt rules implementing PURPA and FERC's regulations. 16 U.S.C. § 824a-3(f)(1).

Accordingly, FERC promulgated a regulation that exempts cogeneration and small power production facilities that are "qualifying facilities" from sections 205 and 206 of the Federal Power Act when certain conditions are met. (Sections 205 and 206 provide that all rates for the transmission or sale of electric energy shall be just and reasonable. 16 U.S.C. §§ 824d-e.) Under that regulation, "sales of energy or capacity . . . made pursuant to a state regulatory authority's implementation of section 210 [of PURPA] shall be exempt from scrutiny under sections 205 and 206." 18 C.F.R. § 292.601(c)(1) ("the cogeneration regulation"). In other words, FERC does not have jurisdiction over those sales. The interpretation of this regulation is at the center of the dispute before us.

4

\* \* \*

Petitioner, Cherokee, owns a qualifying cogeneration facility in South Carolina.[1] Intervenor, Duke Energy Carolinas, LLC, is a public utility that sells wholesale and retail electric service to customers in North Carolina and South Carolina. Petitioner sells the entirety of its generated capacity and energy to Duke "under a Power Sales Agreement (PPA) pursuant to PURPA." *Cherokee Cty. Cogeneration Partners, LLC*, Order Dismissing Rate Filing, 175 FERC ¶ 61,002 at P 3 (Apr. 2, 2021) ("Dismissal Order"). Petitioner and Duke are also parties to a Large Generator Interconnection Agreement ("Interconnection Agreement") which provides the terms of the interconnection between Duke's transmission system and Petitioner's facility.

The two components of electrical power in an alternating current system are "real" power and "reactive" power. Real power "causes electrical equipment to perform work." Reactive power creates a stable voltage so that real power can be transmitted through the power system. *See Ala. Power Co. v. FERC*, 220 F.3d 595, 596–97 (D.C. Cir. 2000). Under the Interconnection Agreement, Petitioner is required to provide reactive service for Duke's transmission system and Duke is required "to pay Cherokee for reactive power to the extent [Duke] pays its own or affiliated generators for Reactive Service." Dismissal Order at P 4. The parties agree that the provision of reactive service is not controlled by the Power Sales Agreement. Dismissal Order at PP 10, 12.

This case arises because Petitioner seeks compensation for the reactive service it provides to Duke's transmission system. Petitioner filed a proposed rate schedule for its reactive service

---

[1] There is no dispute that Cherokee's facility is a qualifying facility under PURPA.

with FERC pursuant to section 205 of the Federal Power Act. 16 U.S.C. § 824d. Petitioner argued that, under the comparability requirement, since Duke pays its own generators for reactive power, it must pay Petitioner for the same service. "The comparability requirement is the requirement, established in Order No. 2003, that the transmission provider must pay the interconnection customer for reactive power . . . if the transmission provider pays its own or affiliated generators for such service." Dismissal Order at P 12 n.27 (citing Order No. 2003-A, 106 FERC ¶ 61,220 at P 416 (March 5, 2004)).

Duke intervened and claimed that FERC lacked jurisdiction over Petitioner's section 205 filing. Duke contended that Petitioner's facility is a qualifying facility selling energy or capacity to Duke pursuant to South Carolina's implementation of PURPA. Thus, Duke argued, under the cogeneration regulation, Petitioner's proposed rate filing was exempt from scrutiny under section 205.

The Commission dismissed Petitioner's rate filing for lack of jurisdiction. FERC stated that Petitioner's "only asserted basis for entitlement to compensation for Reactive Service is the [Interconnection Agreement]." Dismissal Order at P 16. Relying on Order No. 2003, FERC noted that where a "utility is obligated to interconnect under Section 292.303 of the Commission's Regulations, that is, when it purchases the [qualifying facility's] total output, the relevant state authority exercises authority over the interconnection and the allocation of interconnection costs." Order No. 2003, 104 FERC ¶ 61,103 at P 813 (July 24, 2003). As noted, in this case, Duke purchased all of Petitioner's output. Therefore, FERC concluded it did not have jurisdiction over the Interconnection Agreement. Dismissal Order at PP 16–18. And because FERC determined that the Interconnection Agreement was the "only"

asserted basis for compensation, it dismissed Petitioner's rate filing. Dismissal Order at P 16.

Petitioner sought rehearing, arguing that the Interconnection Agreement was not the *only* basis for entitlement to compensation. Rather, Petitioner contended that "[t]he principal basis for Cherokee's entitlement to compensation is the Commission's well-established comparability standard," and thus that the jurisdictional status of the Interconnection Agreement "has no bearing whatsoever on the Commission's jurisdiction over Reactive Service that Cherokee provides to [Duke]." JA 349, 352.

Petitioner filed a timely petition for review. The next day, FERC issued a substantive order explaining its denial. FERC reiterated its conclusion that the Interconnection Agreement is not subject to its jurisdiction. It also concluded that it lacked jurisdiction over Petitioner's freestanding claim for compensation under the comparability requirement because Petitioner's rate filing was exempt from FERC scrutiny under the cogeneration regulation. In particular, the rehearing order determined that reactive service was "energy or capacity" within the meaning of that regulation. *Cherokee Cty. Cogeneration Partners, LLC*, Order Addressing Arguments Raised on Rehearing, 176 FERC ¶ 61,069 at PP 14–16 (Aug. 3, 2021) ("Rehearing Order"). Accordingly, FERC determined that Petitioner's comparability standard argument was "moot." Rehearing Order at P 18. Petitioner filed a supplemental petition for review.

## II.

Petitioner contends that FERC's dismissal of its section 205 rate filing is arbitrary and capricious (unreasonable). The exemption from FERC jurisdiction provided by the

cogeneration regulation, Petitioner claims, is inapplicable here. That's for two reasons. (1) Petitioner's provision of reactive service is not made pursuant to a state regulatory authority's implementation of PURPA. And, to compound the Commission's error, FERC failed to even respond to this argument in its rehearing order. (2) Alternatively, reactive service is not "energy or capacity." Thus, Petitioner contends that FERC erred in concluding that it lacked jurisdiction.

* * *

FERC brings two arguments that challenge our own jurisdiction. Neither have any merit.

First, FERC contends that we lack jurisdiction to review FERC's "declaratory" ruling under PURPA. It relies on a line of cases which holds that we don't review FERC orders that simply state how FERC interprets its own regulations because "to review [such] orders issued under § 210 of the PURPA . . . would disrupt the enforcement scheme carefully elaborated in § 210." *Indus. Cogenerators v. FERC*, 47 F.3d 1231, 1234 (D.C. Cir. 1995); *see also, e.g.*, *Midland Power Co-op. v. FERC*, 774 F.3d 1, 5–6 (D.C. Cir. 2014). We review such declaratory orders only after a qualifying facility or FERC brings an enforcement action in district court and appeals. *Xcel Energy Servs. Inc. v. FERC*, 407 F.3d 1242, 1244 (D.C. Cir. 2005); *see also Niagara Mohawk Power Corp. v. FERC*, 117 F.3d 1485, 1488 (D.C. Cir. 1997). Since that hasn't happened here, FERC argues, we lack jurisdiction.

But these cases do not apply. Each of them involved a § 210(h) PURPA enforcement proceeding. The proceeding before us is not a § 210(h) enforcement action. As such, it does not implicate PURPA's enforcement scheme. Rather, it is a rate filing proceeding seeking compensation under section 205

of the Federal Power Act. We have clear authority to review Federal Power Act proceedings under 16 U.S.C. § 825*l*(b). Thus, we may review FERC's orders here.

Second, FERC argues that the case is moot because the Power Sales Agreement between Cherokee and Duke expired. Since Cherokee now sells to another entity and not Duke, FERC claims that it is not apparent how our ruling could affect the parties' prospective rights. This contention is frankly ridiculous. We can award retrospective, as well as prospective, relief. Cherokee seeks retroactive monetary relief for the reactive service it provided to Duke without compensation. Such a claim obviously "dispel[s] any idea of mootness." *ANR Pipeline Co. v. FERC*, 885 F.2d 937, 938 (D.C. Cir. 1989) (citing *Northwest Pipeline Corp. v. FERC*, 863 F.2d 73, 77 (D.C. Cir. 1988)). We have jurisdiction to review the petitions.

A.

As noted, Petitioner first argues that its provision of reactive service is not made pursuant to a state regulatory authority's implementation of PURPA. Petitioner contends that this prong of the cogeneration regulation covers only sales made pursuant to contracts or obligations *approved* by state regulatory authorities. Unlike the Power Purchase Agreement, the Interconnection Agreement governing reactive service has not been approved by South Carolina regulatory authorities. Thus, Petitioner claims, this exemption from FERC's section 205 jurisdiction does not apply.

To be sure, this is a potentially plausible argument. Unfortunately, it appears nowhere in Petitioner's request for rehearing before FERC. Under 16 U.S.C. § 825*l*(b), "[n]o objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before

the Commission in the application for rehearing . . . ." Petitioners "must *themselves* raise in that petition *all* of the objections urged on appeal." *Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC*, 876 F.2d 109, 113 (D.C. Cir. 1989).

The closest Petitioner comes to raising this issue in its petition for rehearing is in a single sentence: "[A]s explained in Cherokee's earlier pleadings, its sales of Reactive Service are not 'made pursuant to a state regulatory authority's implementation of section 210 [of PURPA].'" JA 352. But we have held that "Petitioner[] must raise each argument with 'specificity,'; objections may not be preserved either 'indirectly,' or 'implicitly.'" *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 793 (D.C. Cir. 2018) (citations omitted). Petitioner's sentence does no more than restate the regulation in a conclusory manner. Petitioner does not follow this sentence with any of the argumentation or analysis it presents in its well-written brief. And Petitioner's "earlier pleadings" do not contain any discussion about the pursuant to state implementation of PURPA prong of the cogeneration regulation. Under our "unusually strict requirement," Petitioner has not done enough to present this argument in its petition for rehearing. *Wabash Valley Power Ass'n, Inc. v. FERC*, 268 F.3d 1105, 1114 (D.C. Cir. 2001).[2] Accordingly, we lack authority to consider it.

We recognize that the Commission did not raise this jurisdictional argument. But "[n]either FERC nor this court has authority to waive these statutory requirements." *Platte River*

---

[2] Petitioner also argues that FERC erred in not responding to this argument in its rehearing order. Had Petitioner properly presented it, that would be true. But since it did not, FERC was under no obligation to discuss it.

*Whooping Crane*, 876 F.2d at 113. "Therefore, the failure of FERC to challenge a petitioner's objection on the ground that it was not raised below does not remove this court's independent obligation to determine whether, in fact, the argument is properly before us." *Wabash Valley Power Ass'n*, 268 F.3d at 1114.

## B.

Petitioner also contends that the cogeneration regulation's exemption does not apply because reactive service is not "energy or capacity." Rather, it claims, "the text, structure, and history of the regulations at issue make clear that reactive service is a wholly separate third category of service not encompassed by this regulatory language."

Again, this argument does not appear in Petitioner's request for rehearing.[3] Instead, Petitioner claimed that FERC's dismissal of its section 205 rate filing violated the comparability standard. That standard, Petitioner asserts, is its "principal basis" for entitlement to compensation and applies regardless of whether it is included in the Interconnection Agreement. JA 349. Tellingly, Petitioner does not directly dispute FERC's assertion that its "energy or capacity" argument does not appear in the petition for rehearing. So, it would seem this argument is presumably barred by section 825*l*(b).

Petitioner claims it has an excuse for its failure to raise its "energy or capacity" argument. Section 825*l*(b)'s bar applies when a Petitioner does not urge an objection in its petition for

---

[3] Noticeably, when FERC discusses the "energy or capacity" argument in its rehearing order, it cites only to Petitioner's Answer to Duke's motion to dismiss. JA 17.

rehearing "unless there is reasonable ground for failure to do so." 16 U.S.C. § 825*l*(b). Petitioner contends that this exception to the bar applies where FERC's order on rehearing adopts new reasoning not found in the Commission's original order. To be sure, we have held that where a FERC rehearing order "marshal[s] new arguments to support the old outcome," and the "party filing [the] petition for rehearing was [thus] not on notice of the rationale that FERC would adopt in the rehearing order, the party has a 'reasonable ground' for not having addressed that rationale in its petition and accordingly may do so for the first time in court." *Columbia Gas Transmission Corp. v. FERC*, 477 F.3d 739, 742 (D.C. Cir. 2007). Here, FERC's original order did not discuss the "energy or capacity" prong of the cogeneration regulation. But FERC did analyze it in its rehearing order. Rehearing Order at P 14–16. Therefore, Petitioner contends that, under *Columbia Gas*, it may address FERC's rationale for the first time before us.

We think *Columbia Gas* does not apply. There, Petitioners entered into agreements with local distribution companies. FERC rejected the agreements on two grounds. Petitioners sought rehearing, attacking both reasons. FERC denied the petition, "but marshaled slightly different reasons"—adding a new rationale for why Petitioners should lose. *Id.* at 741.

On review, the Commission argued that we lacked authority to consider Petitioners' challenge to this new rationale because they did not make the argument in their petition for rehearing. *Id.* We noted that, "[o]f course the reason Columbia hadn't attacked those arguments in its petition for rehearing is plain: FERC hadn't yet revealed them." *Id.* We set forth the proposition that, "when a party filing a petition for rehearing was not on notice of the rationale that FERC would adopt in the rehearing order, the party has a 'reasonable ground' for not having addressed that rationale in its petition

and accordingly may do so for the first time in court." *Id.* at 742. Since we determined that Petitioners had no notice of FERC's new rationale, we held that they were not barred by section 825*l*(b) from urging objections to it before us.

But the notice considerations that underlie *Columbia Gas* are not present here. There, Petitioners were truly blindsided by a new rationale. Here, FERC did not devise a new rationale out of the blue. Actually, Petitioner itself made the "energy or capacity" argument in its original Answer to Duke's motion to dismiss, but then inexplicably dropped it in its petition for rehearing. So, it cannot be said that FERC's discussion of the "energy or capacity" prong was a surprise to Petitioner. Petitioner did not meet its obligation to show that its filing avoided the cogeneration regulation's exemption from FERC jurisdiction. Thus, we think *Columbia Gas* is inapposite.

As just explained, we don't have authority to consider the two arguments Petitioner makes before us. Neither do we have authority to consider the argument Petitioner did make in its petition for rehearing—that the Commission focused exclusively on the jurisdictional status of the Interconnection Agreement under 18 C.F.R. § 292.303 and erred in applying the comparability standard. That is because Petitioner abandoned this contention by not raising it before us. It is therefore forfeited. *See Sierra Club v. FERC*, 867 F.3d 1357, 1378–79 (D.C. Cir. 2017).

\* \* \*

Petitioner presents no arguments we can consider. We therefore deny the petitions for review.